ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
TERRENCE P. MANN (Cal. SBN: 211377)
Assistant United States Attorney
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2438
     Facsimile: (213) 894-3713
     Email: Terrence.Mann@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>GABRIEL ARELLANO-GAETA,<br><br>          Defendant. | CR No. 08-1446-ODW<br><br><u>AMENDED ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT DUE TO UNLAWFUL DEPORTATION</u> |

     On October 3, 2012, defendant GABRIEL ARELLANO-GAETA filed a Motion to Dismiss Indictment Due to Unlawful Deportation (the "Motion").  (CR 22.)  Thereafter, the Court reviewed the Motion and all accompanying materials, including the compact disc that was lodged concurrently with the Motion.  (CR 23.)  As set forth in the October 16, 2012 Order denying the Motion, the Court's review of the audio record of the hearing before the Immigration Judge ("IJ") indicated that defendant was aware of his prior conviction for narcotics sales, was specifically advised of the prior sales conviction, admitted it, and waived further review.  (CR 25.)

1     The Court has now reviewed additional, relevant materials
2  submitted by the government.  These materials included: (1) the
3  certified Felony Complaint in Los Angeles County Superior Court Case
4  No. VA088889 (the "Complaint"); (2) the certified Minute Order for
5  defendant's entry of a guilty plea and sentencing in Case No.
6  VA088889 (the "Minute Order"); and (3) the certified transcript of
7  those proceedings on May 23, 2005 (the "Transcript").
8     Based on its consideration of all of the parties' submissions,
9  the Court further finds as follows:
10    1.   While a prior conviction for possession of
11 methamphetamine, in violation of California Health & Safety Code
12 § 11377(a), would not have constituted an aggravated felony nor
13 precluded defendant from relief before the IJ, see United States v.
14 Munoz-Camarena, 631 F.3d 1028, 1029 n.2 (9th Cir. 2011) ("Simple
15 possession by itself is not an aggravated felony."), defendant
16 admitted during his January 9, 2007 immigration hearing that he had,
17 in fact, been previously convicted of "possession for sale for
18 cocaine base," which is a violation of California Health & Safety
19 Code § 11351.5.  (Motion, Exhibit B, at 3-4.)
20    2.   Defendant's admission before the IJ is consistent with the
21 certified documents that have been provided to the Court.  See
22 United States v. Bustos-Ochoa, -- F.3d --, 2012 WL 6579556 at *3, 6-
23 7 (9th Cir. Dec. 18, 2012) (affirming district court's denial of
24 analogous motion to dismiss indictment because conviction documents,
25 although not provided to the IJ, "conclusively established that
26 Bustos-Ochoa was an aggravated felon," and "an alien who is
27 statutorily barred from obtaining relief from removal cannot be
28 prejudiced by an IJ's failure to inform him about the possibility of

applying for such relief."). Specifically, Count One of the Complaint charged a violation of § 11351.5, and Count Two charged a violation of § 11377(a); and the Minute Order memorialized defendant's guilty plea to Count One and the dismissal of Count Two. (Complaint at 1; Minute Order at 2-3.) There were also multiple references to § 11351.5 during defendant's change of plea colloquy before the Hon. Marcelita V. Haynes, Los Angeles County Superior Court Judge, on May 23, 2005. For example:

> **THE COURT:** Mr. Arellano, how do you plead to felony complaint VA088889 to the allegation in count 1 that on or about May 7th, 2005, in the county of Los Angeles, you violated Health and Safety Code Section 11351.5, possession for sale of cocaine base?
>
> **THE DEFENDANT:** No contest.
>
> **THE COURT:** Do you understand based on that plea the court is going to find you guilty?
>
> **THE DEFENDANT:** Yes, ma'am.
>
> **THE COURT:** . . . Court accepts the plea, finds – finds the defendant guilty as alleged in count 1.

(Transcript at 7.)

    3.   Defendant's prior conviction that served as the basis for his deportation, therefore, was a categorical aggravated felony under 8 U.S.C. § 1101(a)(43)(B). See United States v. Morales-Perez, 467 F.3d 1219, 1223 (9th Cir. 2006) ("[T]he district court correctly determined that a conviction under section 11351.5 categorically qualifies as a drug trafficking offense under the Sentencing Guidelines."); U.S.S.G. § 2L1.2, Application Note 3(A) ("aggravated felony" has the same meaning given that term in 8 U.S.C. § 1101(a)(43)).

    4.   Thus, defendant has failed to meet his burden under the third prong of 8 U.S.C. § 1326(d) because he cannot demonstrate

1  prejudice stemming from any alleged defects in his underlying
2  removal proceedings.  See United States v. Ubaldo-Figueroa, 364 F.3d
3  1042, 1050 (9th Cir. 2004) (defendant must show "plausible" grounds
4  for relief from deportation in order to establish prejudice); United
5  States v. Ramos, 623 F.3d 672, 684 (9th Cir. 2010) ("If the
6  defendant is barred from receiving relief, his claim is not
7  plausible.") (internal quotation marks and citation omitted).  The
8  typographical errors found in the Abstract of Judgment and the
9  Notice to Appear do not change this result.  (Motion, Exhibits A,
10 C.)  Because defendant is a categorical aggravated felon, he is
11 statutorily ineligible for any discretionary relief from deportation
12 at a matter of law.  See 8 U.S.C. § 1229b(a) (providing for
13 cancellation of removal for certain lawful permanent residents not
14 convicted of an aggravated felony).

15      Accordingly, the Motion is **DENIED**.

19 February 25, 2013
   DATE                              THE HONORABLE OTIS D. WRIGHT II
20                                   UNITED STATES DISTRICT JUDGE

24 Presented by:

25     /s/
26 _____
   TERRENCE P. MANN
27 Assistant United States Attorney
   Date: February 22, 2013
28

4